# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOE, et al., )<br>)<br>        Plaintiffs, )<br>)<br>    v. )<br>)<br>)<br>CENTRAL INTELLIGENCE AGENCY, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:05-CV-02483 (RMC) |

## DEFENDANT'S MOTION TO TRANSFER OR, IN THE ALTERNATIVE, TO DISMISS

Defendant Central Intelligence Agency, by and through its undersigned counsel, respectfully moves to have this action transferred to the Southern District of New York, pursuant to 28 U.S.C. § 1404(a). Alternatively, Defendant requests that this Court dismiss the case pursuant to 28 U.S.C. § 1406(a) and Federal Rule of Civil Procedure 12(b)(3). In support of this motion, Defendant submits the accompanying memorandum.[1]

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        KENNETH L. WAINSTEIN
        U.S. Attorney for the District of Columbia

        VINCENT M. GARVEY
        Deputy Branch Director

---

[1] Pursuant to Local Rule 7(m), Defendant consulted with Plaintiffs prior to the filing of this motion. Plaintiffs oppose the motion to transfer.

          /s/
MARCIA N. TIERSKY, Ill. Bar 6270736
Trial Attorney
Federal Programs Branch
U.S. Department of Justice
20 Massachusetts Ave., N.W. Room 7206
Washington, D.C. 20530
(202) 514-1359
Fax (202) 318-0486
marcia.tiersky@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| DOE, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:05-CV-02483 (RMC) |
| CENTRAL INTELLIGENCE AGENCY, | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER OR, IN THE ALTERNATIVE, TO DISMISS**

Plaintiffs John Doe, Jane Doe, Roy Krieger, and Mark Zaid (collectively "Plaintiffs") filed this suit challenging certain classification procedures and determinations which were made by the Central Intelligence Agency ("CIA") in the context of reviewing a complaint submitted in a separate lawsuit: Doe v. CIA, No. 05 CV 7939 (S.D.N.Y.) (hereinafter "Doe I"). See Doe I Complaint, attached as Exhibit 1. Although the Doe I Complaint was filed in the Southern District of New York ("S.D.N.Y." or "the Southern District"), where the case is being heard by Judge Laura Taylor Swain, Plaintiffs filed the instant case (hereinafter "Doe II") in the District of Columbia ("D.C." or "the District"). Defendant CIA respectfully requests that this Court transfer the instant case to the Southern District or dismiss the case for lack of venue.

The Southern District is presently evaluating a state secrets privilege assertion in Doe I and has familiarity with the relevant factual allegations, parties, and related legal issues. It would, therefore, be an efficient use of judicial resources to put both cases in the same district before the same judge. Furthermore, the District of Columbia has no connection to the litigation,

as none of the plaintiffs allege that they reside in the District, the defendant agency is not located in the District, and the events at issue did not occur in the District.

## BACKGROUND

Because "[28 U.S.C. §] 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness,'" Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)), we set forth below the procedural history of Doe I and the instant case below.

Doe I was filed on September 12, 2005. Doe I Docket at #1, attached as Exhibit 2. Prior to filing, the Doe I Complaint was reviewed by the CIA to prevent the disclosure of classified information. Doe II Complaint ¶ 15. The CIA instructed Plaintiffs' counsel to redact certain information from the Doe I Complaint, and the redacted version of the Doe I Complaint was filed with the Court, posted to the S.D.N.Y. electronic case filing system ("ECF"), and served on the defendants. Id. at ¶ 16; Doe I Complaint; Doe I Docket at #1.

On March 29, 2006, the CIA asserted the state secrets privilege with regard to certain information at issue in Doe I. Doe I Docket at #9-11. Simultaneously, the CIA filed a motion to dismiss the case on the grounds that the litigation could not proceed without the information over which the privilege had been asserted. Id. The privilege was asserted by Porter Goss, head of the CIA, in classified and unclassified declarations. The classified declaration was submitted in camera and ex parte; the unclassified declaration is on the public record. The plaintiffs in Doe I

are due to submit their opposition papers for CIA review on May 19, 2006.  Doe I Docket at April 17, 2006.[2]

The instant case was filed on December 19, 2005.  Doe II Complaint ¶ 1.  The instant motion is the first substantive motion filed in this case.

## ARGUMENT

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  This provision was enacted to "allow[] easy change of venue within a unified federal system," Piper Aircraft v. Reyno, 454 U.S. 235, 254 (1981), and to allow for such transfers to be made based upon "considerations of convenience and justice."  Van Dusen, 376 U.S. at 616.  Typically, courts first determine whether the potential transfer district is one in which the case "might have been brought."  See, e.g., S. Utah Wilderness Alliance v. Norton, 315 F. Supp. 2d 82, 86 (D.D.C. 2004) (Bates, J.).  If so, they then go on to determine whether the transfer is appropriate.  Id.

In evaluating whether a transfer is convenient and in the interests of justice, courts consider various factors to determine whether it is in the private interest of the parties, as well as in the public interest, to transfer the case.  See McClamrock v. Eli Lilly & Co., 267 F. Supp. 2d 33, 37 (D.D.C. 2003) (Walton, J.).  The burden is on the moving party to establish the propriety of the transfer, and the Court must engage in an individualized case-by-case consideration of the

---

[2]   Where docket entries lack a docket number, the entry will be identified by the date filed.

relevant factors.  See Brannen v. Nat'l R.R. Passenger Corp., 403 F. Supp. 2d 89, 91-91 (D.D.C. 2005) (Urbina, J.).

I.      THIS CASE MIGHT HAVE BEEN BROUGHT IN S.D.N.Y.

The threshold consideration in a motion to transfer is whether the action "might have been brought" in the proposed transferee district court.  Van Dusen, 376 U.S. at 616.  Whether venue is available in the Southern District is governed by 28 U.S.C. § 1391(e), which provides in relevant part as follows:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

Pursuant to § 1391(e)(3), this case might have been brought in the Southern District because, according to the Doe I Complaint, at least one plaintiff in Doe II has a residence there.

The Doe II Complaint does not contain any allegations regarding where the Plaintiffs reside.  However, the Doe I Complaint alleges that John and Jane Doe and their minor children reside overseas and also have a residence in the Southern District.  See Doe I Complaint ¶ 1 ("Plaintiffs permanently reside in Foreign Country 'A' and maintain a residence in the State of New York within this jurisdiction.").  See also id. at ¶ 13 (noting venue pursuant to, inter alia, 28 U.S.C. § 1402(b), which places venue for tort claims against the United States where the plaintiff resides or the act complained of occurred).

Doe II also might have been brought in the Southern District based upon § 1391(e)(2). A substantial part of the events relevant to this case occurred in the Southern District. This case challenges the redactions required by the CIA to a Complaint filed in the Southern District. The act of filing the Complaint, in addition to the litigation of Doe I, constitute significant events which would justify venue for Doe II in S.D.N.Y. See Abramoff v. Shake Consulting, L.L.C., 288 F. Supp. 2d 1, 4-5 (D.D.C. 2003) (Urbina, J.) (discussing what constitutes substantial part of the events). Cf. Osan Ltd v. Accenture LLP, No. Civ. A. 04-1296, 2005 WL 2902246 *4 (D.D.C. Sept. 30, 2005) (Roberts, J.) (negotiating terms of agreement by phone and letter constitute substantial part of the events for venue purposes); Weinberger v. Tucker, 391 F. Supp. 2d 241, 244-45 (D.D.C. 2005) (Sullivan, J.) (meetings and involvement in lawsuit constitute substantial part of the events for venue purposes); Liban v. Churchey Group II, L.L.C., 305 F. Supp. 2d 136, 140 (D.D.C. 2004) (Urbina, J.) (finding venue where advertising was targeted).

II.  IT IS IN THE INTEREST OF THE PARTIES TO TRANSFER THE CASE.

Courts have considered the following factors in determining whether to transfer a case:

(1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof.

McClamrock, 267 F. Supp. 2d at 37 (quoting Trout Unlimited v. USDA, 944 F. Supp. 13, 16 (D.D.C. 1996) (Urbina, J.)); accord Brannen, 403 F. Supp. 2d at 92. Analysis of these factors shows that it is overall in the interests of the parties to transfer the case to S.D.N.Y.

A.     Plaintiffs' and Defendant's Choices of Forum Favor Transfer.

Plaintiffs chose the District of Columbia as their preferred forum.  Such choice of forum is generally entitled to deference.  See S. Utah Wilderness Alliance, 315 F. Supp. 2d at 86.  However, this deference is reduced where the forum chosen is not the Plaintiffs' home forum, as is the case here.  Brannen, 403 F. Supp. 2d at 93; Devaughn v. Inphonic, Inc., 403 F. Supp. 2d 68, 72 (D.D.C. 2005) (Urbina, J.); Kotan v. Pizza Outlet, Inc., 400 F. Supp. 2d 44, 49 (D.D.C. 2005) (Lamberth, J.).  As noted earlier, Plaintiffs John and Jane Doe have not alleged that they live in D.C.[3]  To the contrary, they allege that they reside primarily overseas and have a residence in New York.  Doe I Complaint ¶ 1.  Cf. Reiffin v. Microsoft Corp., 104 F. Supp. 2d 48, 52 (D.D.C. 2000) (noting that plaintiff's choice of forum gets particularly low deference where defendant is trying to transfer the case to plaintiff's home state).  Similarly, Plaintiffs Mark Zaid and Roy Krieger have not alleged that they are residents of the District of Columbia.[4]

Plaintiffs' choice of forum also receives less deference where, as here, the events described in the complaint bear little relationship to the chosen forum.  See Brannen, 403 F. Supp. 2d at 93; Sheldon v. Nat'l R.R. Passenger Corp., 355 F. Supp. 2d 174, 178 (D.D.C. 2005) (Kennedy, J.); S. Utah Wilderness Alliance, 315 F. Supp. 2d at 86.  See also McClamrock, 267

---

[3]     There is also no basis for John Doe to be a plaintiff in this litigation.  He was not a party to Doe I and therefore cannot possibly have been harmed by the CIA's determination that the plaintiffs needed to remove classified information from the Doe I Complaint.

[4]     Nor is the location of the attorneys a factor to be considered.  McClamrock, 267 F. Supp. 2d at 40 (citing Reiffin, 104 F. Supp. 2d at 52 n.7).  Even if it were, the attorneys for Plaintiffs in the instant case are the same attorneys as in Doe I.  Since it was not inconvenient for the attorneys to file Doe I in the Southern District, there is no reason it would be inconvenient to proceed with Doe II there as well.  As the Department of Justice has a United States Attorney's office in the Southern District, it would not be inconvenient for Defendant's attorney either.

F. Supp. 2d at 37 (noting that plaintiff's choice of forum is not accorded substantial deference where the choice of forum has no meaningful ties to the controversy and no particular interest in the subject matter and that the defendant's burden in a motion to transfer decreases in such circumstances) (quoting Greater Yellowstone Coalition v. Bosworth, 180 F. Supp. 2d 124, 128 (D.D.C. 2001)).  The events outlined in the Doe II Complaint occurred in New York, where the Doe I Complaint was filed and the case is being litigated, and in Virginia, where the agency is located and where it made the determinations regarding what information needed to be redacted from the Complaint.

     So, Plaintiffs' choice of forum is entitled to little deference because none of the plaintiffs lives in D.C. and the significant events did not occur in D.C.  Defendant's choice of forum is based upon a desire to conserve judicial resources.  Judge Swain is already familiar with the facts of Doe I, which have a strong nexus to Doe II, since Doe II is a challenge to the procedures used and the determination of the need for redacting certain allegations from the Doe I Complaint.  In addition, the state secrets privilege assertion in Doe I necessarily bears on Plaintiffs' claim in Doe II that the redactions were unnecessary.  Where a judge in another district is already engaged in resolving the issues of a related matter, failure to transfer the second case to that judge creates "a risk of inconsistent results and . . .waste or misapplication of judicial resources."  Environmental Crimes Project v. EPA, 928 F. Supp. 1, 1 (D.D.C. 1995) (Robertson, J.).  Cf. Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993) ("Courts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia.").

B.     The Claim Arose Elsewhere.

Plaintiffs' claim is a challenge to the decisions and actions taken by employees of the CIA. Doe II Complaint ¶¶ 14-33. The CIA is located in Langley, Virginia. Plaintiffs characterize the instant case as a pre-publication review matter. Id. at ¶¶ 3-6. The document at issue, the Doe I Complaint, was "published" in S.D.N.Y. Thus, the factual bases for Plaintiffs' claims all arose in districts other than D.C. Therefore, this factor weighs in favor of transfer. See Brannen, 403 F. Supp. 2d at 93-94.

C.     S.D.N.Y. Is Convenient for the Parties, and No Witnesses Are Needed for Trial.

As noted above, to the extent that the Doe plaintiffs reside in the United States, their residence is in New York. Doe I Complaint ¶ 1. So, it is more convenient for the Doe plaintiffs to have the case located in New York. The other plaintiffs are also counsel in the instant case and in Doe I. If it is convenient for them to litigate Doe I in S.D.N.Y., it is equally convenient to litigate the instant case there. See Reiffin v. Microsoft Corp., 104 F. Supp. 2d 48, 52 (D.D.C. 2000) (noting that the plaintiff would not be inconvenienced by the transfer, since the plaintiff had filed a related case in the transferee forum). While the defendant agency is located in Virginia, it does not oppose having the instant case litigated in New York, particularly because the Assistant United States Attorney most familiar with the issues related to this case is located in the Southern District of New York's office and is counsel for the agency in Doe I.

Because the instant case raises purely legal issues, it will undoubtedly be resolved on dispositive motions, and so there will be no need for any witnesses. In particular, there will be no witnesses for Plaintiffs' Administrative Procedure Act claim, which will be resolved on the administrative record. See Camp v. Pitts, 411 U.S. 138, 143 (1973). Because witnesses are only

a factor to the extent they may be unavailable for trial in one of the fora, Brannen, 403 F. Supp. 2d at 94; Schmidt v. Am. Institute of Physics, 322 F. Supp. 2d 28, 34 (D.D.C. 2004), this lack of need for witnesses means that they do not need to be taken into account. See Trout Unlimited v. USDA, 944 F. Supp. 13, 18 (D.D.C. 1996) (finding convenience of witnesses less relevant because witnesses and a trial were unlikely to be required). Accord Vencor Nursing Centers, L.P. v. Shalala, 63 F. Supp. 2d 1, 6 (D.D.C. 1999). Overall, S.D.N.Y. is the more convenient location for this case.

        D.        Both Fora Are Equally Convenient with Regards to Sources of Proof.

Most of the evidence relevant to this case is in the possession of the CIA, which is located in Virginia. There is unlikely to be large volumes of evidence needed to resolve this case, in any event, so the relevant evidence can be easily moved either to S.D.N.Y. or to D.D.C.

The overall balance of these factors shows that it is convenient and in the interest of the parties to have the case transferred to S.D.N.Y.

III.    IT IS IN THE PUBLIC INTEREST TO TRANSFER THE CASE.

The Court also looks to particular factors to determine whether it is in the public interest to transfer a case. These factors are: (1) the transferee court's familiarity with the governing laws; (2) the relative congestion of the calendars of the transferee and transferor courts; and (3) the local interest in deciding local controversies at home. McClamrock v. Eli Lilly & Co., 267 F. Supp. 2d 33, 41 (D.D.C. 2003) (quoting Trout Unlimited, 944 F. Supp. at 16); accord Brannen, 403 F. Supp. 2d at 92.

The legal issues in this case are all matters of federal law. The claims are brought pursuant to the Administrative Procedure Act and the First Amendment. See generally, Doe II

Complaint. Therefore, either federal court is equally capable of resolving the legal issues. Devaughn v. Inphonic, Inc., 403 F. Supp. 2d 68, 73 (D.D.C. 2005) ("[T]he federal court for the District of Maryland is presumed to be as competent as this court in deciding issues of federal law."). Further, the Southern District is familiar with the underlying factual allegations and legal issues in this case because Doe I is already being litigated there. The resolution of Defendant's assertion of the state secrets privilege and motion to dismiss in Doe I is likely to significantly affect Doe II. It therefore makes sense, from a judicial economy perspective, to have both cases before the same judge. See Weinberger v. Tucker, 391 F. Supp. 2d 241, 245 (D.D.C. 2005) (noting that one factor in deciding whether to transfer a case is whether one court "is more familiar with the same parties and issues or related issues than other courts"). See also id. ("Litigating the matter here would 'squander judicial resources' and would 'run the risk of inconsistent judgements. . . .'") (quoting Reiffin v. Microsoft Corp., 104 F. Supp. 2d 48, 55 (D.D.C. 2000)); Reiffin, 104 F. Supp. 2d at 56 ("Courts in this district have clearly stated, 'The interests of justice are better served when a case is transferred to the district where related actions are pending.'") (quoting Martin-Trigona v. Meister, 668 F. Supp. 1, 3 (D.D.C. 1987)).

In terms of relative congestion of courts, it appears that S.D.N.Y. has a more congested docket than D.C. Compare http://www.uscourts.gov/cgi-bin/cmsd2005.pl with http://www.uscourts.gov/cgi-bin/cmsd2005.pl. However, it is unlikely that this case would suffer any delay from the transfer, as the Southern District is already familiar with many of the relevant underlying facts, and this Court has not had any proceedings before it in the instant case. See Schmidt v. Am. Institute of Physics, 322 F. Supp. 2d 28, 35-36 (D.D.C. 2004). In Brannen, 403 F. Supp. 2d at 95-96, the court concluded that, although the transferee docket appeared to be

more congested that the transferor, the transfer would not delay resolution of the case because the case was in its early stages, and the transferor court was unfamiliar with the merits of the case. It is particularly true where the transferor court has not had an opportunity to familiarize itself with the merits and the transferee court is familiar with factual allegations and legal issues related to the case that transfer is unlikely to cause delay, regardless of congestion issues. See Reiffin, 104 F. Supp. 2d at 57. Such is the case in the instant matter.

The local interest in deciding local controversies at home factor weighs in favor of transfer. As noted previously, D.D.C has no real interest in the case, whereas New York at least has an interest to the extent that two of the plaintiffs have a residence there. Devaughn v. Inphonic, Inc., 403 F. Supp. 2d 68, 74 (D.D.C. 2005) (noting transferee court's interest in protecting its own citizens); Osan Ltd v. Accenture LLP, No. Civ. A. 04-1296, 2005 WL 2902246 *6 (D.D.C. Sept. 30, 2005) (allowing transfer because, inter alia, the "case does not represent a controversy localized in Washington, D.C.").

Because transferring the case to the Southern District of New York would promote judicial economy and be more convenient for the parties and the public, Defendant respectfully requests that the Court grant its motion to transfer.

IV.    ALTERNATIVELY, THE COURT SHOULD DISMISS THE CASE.

Pursuant to 28 U.S.C. § 1406(a), where venue is improper, a court should either dismiss the case or transfer it to a district in which it could have been brought. See Osan Ltd., 2005 WL 2902246 *3. As noted above, this case should be transferred to S.D.N.Y. If the Court determines that venue is not proper in the Southern District, it should dismiss the case, as venue is not proper in the District of Columbia. See, e.g., Varma v. Gutierrez, --- F. Supp. 2d ----,

2006 WL 708203 *4 (D.D.C. March 21, 2006) (Walton, J.).  Plaintiffs allege that venue is proper in the District pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1391.  Doe II Complaint ¶ 2.  Neither of these statutes make venue of this case proper in D.C.

First, 5 U.S.C. § 703 provides that venue may be in a federal district court for particular types of legal actions.  Defendant does not deny that venue in a federal district court is proper.  The issue is in which federal district court the case should be heard.   Section 703 sheds no light on this inquiry.

Second, as noted above 28 U.S.C. § 1391(e)[5] provides for venue "in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action."  Venue in the District cannot be established under any of these three provisions.

The defendant does not reside in the District.  The CIA is located in Langley, Virginia, which is in the Eastern District of Virginia.  See In re Munson, No. 03-5034, 2003 WL 21396874, at *1 (D.C. Cir. June 12, 2003) (applying § 1391(e) and holding that "[b]ecause the [United States Patent and Trademark Office's] principal office is located in the Eastern District of Virginia, the PTO's residence is deemed to be in the Eastern District of Virginia"); Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 94-95 (D.D.C. 1983) (notwithstanding a District of Columbia mailing address, the National Guard Bureau is located at the Pentagon in Virginia).  It is true that the Director of the CIA, Porter Goss, has an office in D.C., in addition to his office at

---

[5]    Plaintiffs do not allege which subpart of § 1391 their allegation of venue is based upon, Doe II Complaint ¶ 2, however § 1391(e) is clearly the most relevant subpart.

CIA headquarters, however, he is not a defendant in this case, nor is there any allegation that he took part in any of the events described in the Doe II Complaint.[6]  Further, the Director's official residence is the same as that of the Agency: Langley, Virginia.  See Saran v. Harvey, No. Civ. A. 04-1847 9JDB0, 2005 WL 1106347 *2 (D.D.C. May 9, 2005) (Army and Secretary of Army as defendants are deemed to reside in Arlington, VA for venue purposes).

No substantial events occurred in the District.  The legal claims are founded upon events that took place at CIA headquarters in Virginia.  See Doe II Complaint ¶¶ 11-13.  All of Plaintiffs' claims are predicated upon the allegations that the CIA was slow in reviewing the Doe I Complaint and recommended substantial redactions from the Doe I Complaint before it could be filed.  See Doe II Complaint ¶¶ 16, 19-20, 24-26, 31-33.  None of these events occurred in D.C.

As discussed previously, none of the plaintiffs allege that they reside in the District.  To the contrary, John and Jane Doe allege that they have a residence in New York and primarily reside overseas.  Doe I Complaint ¶ 1.  It is true that Mssrs. Krieger and Zaid have their office in D.C., however, venue is based upon residence, not the location of the workplace.

Because venue in D.C. is improper, this case should be dismissed.

---

[6]     Those cases in which venue has been found in the District of Columbia based upon the fact that the Director of the Central Intelligence Agency ("the Director") performed many official duties in the District are distinguishable.  See, e.g, Doe v. Casey, 601 F. Supp. 581, 584 (D.D.C. 1985), rev'd on other grounds, 796 F.2d 1508 (D.C. Cir. 1986).  In Doe, the Director at that time, William Casey, was the defendant in the suit; the current Director, Porter Goss, is not a defendant in the instant suit.  In addition, the role of the CIA director has changed substantially since Doe.  Many of the Director's official duties in the District (e.g., being a member of the National Security Council) are now handled by the Director of National Intelligence.  See 50 U.S.C. § 403.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court transfer this case to the Southern District of New York or dismiss the case for lack of venue.

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        KENNETH L. WAINSTEIN
        U.S. Attorney for the District of Columbia

        VINCENT M. GARVEY
        Deputy Branch Director


            /s/
        MARCIA N. TIERSKY, Ill. Bar 6270736
        Trial Attorney
        Federal Programs Branch
        U.S. Department of Justice
        20 Massachusetts Ave., N.W. Room 7206
        Washington, D.C. 20530
        (202) 514-1359
        Fax (202) 318-0486
        marcia.tiersky@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DOE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:05-CV-02483 (RMC) |
| | ) |
| CENTRAL INTELLIGENCE AGENCY, | ) |
| | ) |
| Defendant. | ) |

### [PROPOSED] ORDER

Upon consideration of DEFENDANT'S MOTION TO TRANSFER OR, IN THE ALTERNATIVE, TO DISMISS, the briefs on both sides, and for cause shown, it is hereby ORDERED that this case is transferred to the Southern District of New York.


Dated: _____        _____
                                      ROSEMARY M. COLLYER
                                      UNITED STATES DISTRICT JUDGE