UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| JOHN DOE, <u>et al</u>. | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-2483 (RMC) |
| v. | ) ) | |
| CENTRAL INTELLIGENCE AGENCY | ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO TRANSFER OR, IN THE ALTERNATIVE, TO DISMISS**[1]

This case presents a First Amendment and Administrative Procedure Act challenge to the defendant Central Intelligence Agency's ("CIA") classification of certain information specifically and its pre-publication review and classification process generally. Plaintiffs John and Jane Doe ("Does") previously maintained a working relationship with the CIA, and Messrs. Mark S. Zaid and Roy W. Krieger, who acting as plaintiffs in their professional and corporate capacity through Krieger & Zaid, PLLC ("KriegerZaid"), a Washington, D.C. corporation, are the Does' attorneys.

The CIA is seeking to transfer this case to the U.S. District Court for the Southern District ("SDNY") or attain its dismissal based on improper venue. Although one of the Does is a

---

[1] This document and its attachments have been reviewed by the CIA pursuant to a requirement agreed to by the undersigned counsel through an executed secrecy agreement to first submit all filings for a classification review, the exact process of which is being challenged in this case. Although not intended to contain any classified information, it may well be that the CIA redacts portions of this document under the alleged guise of secrecy. Therefore, the version filed with the Court may contain redactions. If that is the case, this Court can and must review the entire document in its unredacted form. Of course, federal district judges are exempt from routine security clearance processing and hold valid security clearances to review classified information. <u>See</u> DCID 1/19, ¶9.0 ("Judicial Branch Access to SCI").

plaintiff in an action currently pending in the SDNY, this case bears only peripheral factual relevance to that matter, and the legal issues here are completely distinct and localized. Moreover, not only is it obvious that different parties are involved in this case from that of the action in SDNY, but the policy issues at stake here have no relevance to the SDNY litigation and have been addressed several times by this District. Based on these, and other, reasons, this case should not be transferred to the SDNY.

Additionally, venue is appropriate in this Court given that the corporate residence of KriegerZaid is here in the District of Columbia and the CIA has routinely and regularly litigated similar lawsuits in D.C. without objection.

## **FACTUAL BACKGROUND**

The Does previously maintained an undisputed relationship with the CIA and are currently litigating a variety of disputes against the CIA.[2] Both executed secrecy agreements with the CIA. They retained KriegerZaid to act as their attorneys. As a result of their retention, Krieger and Zaid also executed secrecy agreements in order to be permitted to receive classified information from the Does. The secrecy agreements in question require the submission of writings relating to the CIA to be submitted before dissemination for classification review. Complaint at ¶8 (filed November 11, 2005).

On the basis of the attorney-client relationship, and the relevant secrecy agreements, the Does determined that KriegerZaid had a need to know classified information relating to their legal dispute with the CIA. Therefore, information, allegedly classified, was shared with KriegerZaid. Id. at ¶9.

---

[2] Jane Doe and her minor children are the plaintiffs in the case pending before the SDNY. Jane Doe et al. v. CIA et al., No. 05 Civ. 7939 (S.D.N.Y.)(LTS). John Doe has a separate [CIA REDACTED FOUR WORDS] case pending [CIA REDACTED FOUR WORDS]. It cannot be openly tied to this case and therefore is not identified in this document.

Having received information from the Does, KriegerZaid drafted a lawsuit Complaint on Jane Doe's behalf that contained only unclassified information. Pursuant to their secrecy agreements, KriegerZaid submitted the Complaint to the CIA for classification review in or around Spring 2005. Id. at ¶10.

After several months elapsed, the CIA finally returned the Complaint to KriegerZaid and claimed the document contained classified information. The contents were heavily redacted. The Complaint, as redacted, was filed before the U.S. District Court for the Southern District of New York and is currently pending. Id. at ¶11.

By letter dated September 8, 2005, KriegerZaid, on behalf of the Does and themselves individually as attorneys in their corporate capacity, appealed to the CIA's Publications Review Board, which oversees the classification review of documents submitted by those under an obligation pursuant to their secrecy agreements, to conduct a classification review of the Complaint in order for the plaintiffs to challenge the redactions. Id. at ¶12.

By letter dated September 23, 2005, John L. McPherson, Associate General Counsel, CIA, informed KriegerZaid that the "CIA's point of contact for any correspondence relating to the pre-filing classification review of legal documents is the Office of General Counsel (OGC) Area Security Officer (ASO), not the Publications Review Board." Additionally, McPherson stated that the CIA had determined they would not "reconsider their initial determination." Id. at ¶13.

This case was filed on November 11, 2005.

## ARGUMENT

### I. TRANSFER OF THIS CASE IS INAPPROPRIATE AS IT WOULD NEITHER BE CONVENIENT NOR SERVE THE INTERESTS OF JUSTICE

In an action where venue is proper, 28 U.S.C. § 1404(a) nonetheless authorizes a court to transfer a civil action to any other district where it could have been brought "for the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). Section 1404(a) vests

"discretion in the district court to adjudicate motions to transfer according to [an] individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 27 (1988)(citation omitted). Under this statute, the moving party, here the CIA, bears the burden of establishing that transfer is proper. Trout Unlimited v. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996).

Accordingly, the CIA must make two showings to justify transfer. First, the CIA must establish that the plaintiffs originally could have brought the action in the proposed transferee district. Van Dusen v. Barrack, 376 U.S. 612, 622 (1964).[3] Second, the CIA must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to that district. Trout Unlimited, 944 F. Supp. at 16.

As to the second showing, the statute calls on the court to weigh a number of case-specific private and public-interest factors. Stewart Org., 487 U.S. at 29. The private- interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. Trout Unlimited, 944 F. Supp. at 16, citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995); Heller Fin., Inc. v. Riverdale Auto Parts,

---

[3]The plaintiffs do not dispute that in its present state this case could have been filed in the SDNY. But this Court might wish to consider that KriegerZaid could simply bring this case on their own, without the Doe plaintiffs, thereby completely depriving the SDNY of any independent jurisdictional basis. In any event, all other factors militate against transfer of this case. Interestingly, the CIA first suggested to the undersigned counsel that the SDNY case should be transferred to this District and the plaintiffs rejected that request. Declaration of Mark S. Zaid, Esq. at ¶5 (dated June 8, 2006)("Zaid Decl."), attached at Exhibit "1".

Inc., 713 F. Supp. 1125, 1129 (N.D. Ill. 1989); 15 FED. PRAC. & PROC. § 3848. The public-interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. Id.

**A. Consideration Of All Factors Militates Against Transfer**

    1.    Plaintiffs Chose This Forum To Litigate Their Claims

As is obvious the plaintiffs, only one of four of whom is involved with the SDNY litigation, chose the District of Columbia as their preferred forum. The CIA correctly notes that such choice of forum is generally entitled to deference. See S. Utah Wilderness Alliance, 315 F. Supp. 2d 82, 86 (D.D.C. 2004). Defendant's Memorandum in Support of its Motion to Transfer Or, Alternatively, to Dismiss at 3 (filed April 27, 2006)("Def's Memo"). However, the CIA challenges the application of this deference as it asserts "the forum chosen is not the Plaintiffs' home forum". Id. While this is true for the Does, who reside overseas, it is inaccurate for Krieger & Zaid, PLLC, a D.C. Corporation, as is set forth in more detail below. See *infra*; Exhibit "2".[4]

That the CIA argues that the events in this case have little relationship to do with this forum is mystifying. Def's Memo at 6. At issue is whether or not the plaintiffs, to include the law firm of KriegerZaid, has a First Amendment right to publish unclassified information contained in court proceedings, and what the proper mechanism is for a review process to challenge CIA

---

[4] Although the plaintiffs believe this is sufficiently facially clear in the Complaint, if necessary they are more than willing to amend their Complaint (as the CIA has not yet Answered the Complaint, the plaintiffs can do so as a matter or right pursuant to Rule 15 of the Federal Rules of Civil Procedure) to make it perfectly clear that Krieger & Zaid, PLLC is acting as a corporate plaintiff in its own right rather than being simply represented by its individual officers.

classification decisions. Without waiving attorney-client or work-product privilege, the document ("SDNY Complaint") that is having its classification status challenged was drafted in this district (as well as the Complaint in this case). Zaid Decl. at ¶6, attached at Exhibit "1". The information that comprises the SDNY Complaint was conveyed between the parties at meetings within this district. Id. The CIA sent its representative into this District to pick-up a copy of the SDNY Complaint to bring it back to a CIA office for review. Id. The attorneys involved, KriegerZaid, frequently litigate claims against the CIA in this District and often face the prospect of having to submit their court filings for classification review. Id. at ¶7.

Nor will, contrary to the CIA's assertion, the invocation – even if successful – of the state secrets privilege by the CIA in the SDNY necessarily impact this case at all, and certainly not in its entirety.[5] The CIA has invoked the privilege in SDNY in order to dismiss the entire substantive case brought by plaintiff Jane Doe. See Formal Claim of State Secrets Privilege by Porter J. Goss, Director Central Intelligence Agency, at Exhibit "3". The facts asserted in the SDNY Complaint are not necessarily the equivalent of state secrets, though the CIA claims they are, of course, "classified". Cases are litigated all the time involving allegedly classified information (especially challenges to such classification determinations, such as pursuant to the Freedom of Information Act) but the state secrets privilege is never invoked. In

---

[5] "The state secrets privilege is a common law evidentiary rule that allows the government to withhold information from discovery when disclosure would be inimical to national security." Zuckerbraun v. General Dynamics Corp., 935 F.2d 544, 546 (2d Cir. 1991), citing In re U.S., 872 F.2d 472, 474 (D.C.Cir.), cert. denied, 110 S. Ct. 398 (1989). The privilege has its modern roots in the leading Supreme Court case of United States v. Reynolds, 345 U.S. 1 (1953), where the United States Air Force successfully dismissed a third party claim against a defense contractor that sought to expose classified information concerning an experimental aircraft. Id. at 7-8.

the SDNY case the CIA has sought its dismissal because litigating the substantive merits of that specific case would allegedly involve state secrets, not that every single piece of information contained within the SDNY Complaint is a state secret.

In fact, the CIA could not simply apply even a successful state secrets invocation in the SDNY directly to this challenge. For one thing, the CIA would have to independently invoke the privilege once again. As a requirement for application there must be a formal invocation of the privilege by the head of the department with control over the information, and an indication that the individual personally considered the matter. See Reynolds, 345 U.S. at 7-8; Zuckerbraun, 935 F.2d at 546. Additionally, "[m]ere compliance with the formal requirement, however, is not enough." In re U.S., 872 F.2d at 475. "To some degree at least, the validity of the government's assertion must be judicially assessed." Molerio v. Federal Bureau of Investigation, 749 F.2d 815, 822 (D.C.Cir. 1984). The Court itself must assess the appropriateness of the government's invocation of privilege. "Once the privilege has been formally claimed, the court must balance the 'executive's expertise in assessing privilege on the grounds of military or diplomatic security' against the mandate that a court 'not merely unthinkingly ratify the executive's assertion of absolute privilege, lest it inappropriately abandon its important judicial role.'" Virtual Defense and Development International v. Republic of Moldova, 133 F.Supp.2d 9, 23 (D.D.C. 2001), quoting In re U.S., 872 F.2d at 475-476.

Barring specific invocation of the privilege in this very case, the CIA would have to separately defend its classification decisions, though to be sure there *could* be some factual overlap. But, without a doubt, there would be aspects of this case that have little or nothing to do with a SDNY state secrets decision.

This particular case primarily incorporates three very distinct challenges. First, is the information within the SDNY Complaint properly classified? Second, do the plaintiffs, to include attorneys, possess First Amendment protection when drafting documents subject to their secrecy agreements? Finally, what is the appropriate process for plaintiffs to administratively challenge classification decisions contained in legal filings rendered by the CIA during litigation? Complaint at 7 (listing requested relief).

It is the plaintiffs' position that they each hold "a strong first amendment interest in ensuring that [government] censorship of [their documents] results from a *proper* classification of the censored portions." McGehee v. Casey, 718 F.2d 1137, 1148 (D.C.Cir. 1983)(emphasis original).

> This case arises in a posture significantly different from a request for release of [government] documents under the Freedom of Information Act (FOIA). In a FOIA case, an individual seeks to compel release of documents in the government's possession. Here, by contrast, [the plaintiffs] wishes publicly to disclose information that [they] already possess[], and the government has ruled that [their] secrecy agreement[s] forbids disclosure. This difference between seeking to obtain information and seeking to disclose information already obtained raises [the plaintiffs'] constitutional interests in this case above the constitutional interests held by a FOIA claimant.

Id. at 1147. The legal standard and process to be utilized in pre-publication review cases is significantly different from that which applies to FOIA.

> [T]he courts should require that CIA explanations justify censorship with reasonable specificity, demonstrating a logical connection between the deleted information and the reasons for classification. These should not rely on a "presumption of regularity" if such rational explanations are missing. We anticipate that *in camera* review of affidavits, followed if necessary by further judicial inquiry, will be the norm.... Moreover, unlike FOIA cases, in cases such as this both parties know the nature of the information in question. Courts should therefore strive to benefit from "criticism and illumination by [the] party with the actual interest in forcing disclosure.

Id. at 1148-49 (citations omitted). See also Stillman v. DoD, 319 F.3d 546 (D.C.Cir. 2003)(reiterating McGehee procedures).

None of the three questions identified above or the issues at stake are before the SDNY, and the latter two will never be (though they are relevant to numerous cases pending in this District).[6]

### 2. The Claims Significantly Arose In This District

The CIA erroneously attempts to portray the issues in this case as having arose in every district but here in Washington, D.C., but this is entirely factually untrue. Much of the legal work was performed in this District. For example, the SDNY Complaint was drafted in this District (as well as the filings in this case). Zaid Decl. at ¶6, attached at Exhibit "1". The information that comprises the SDNY Complaint was conveyed between the parties at meetings within this District. Id. The CIA sent its representative into this District to pick-up a copy of the SDNY Complaint to bring it back to a CIA office for review. Id. Moreover, the CIA has a strong presence here in this District. It is not only represented by its Director, who maintains an office here in D.C., but it also has numerous offices here that the plaintiffs will not identify at this time. Id. at ¶4. The CIA and its employees perform a significant amount of work in this District. Finally, the attorneys involved, KriegerZaid, frequently litigate claims against the CIA in this

---

[6] In actuality the SDNY has very little, to almost no, familiarity or knowledge of the underlying dispute that it is hearing. The only information that Judge Swain knows is that which is contained in the Complaint and whatever, if anything substantive, that is set forth in the classified declaration of former CIA Director Porter Goss. The briefing that is presently underway (Doe's Opposition is due later this month) is not factual, but pertains to legal issues surrounding the CIA's interference with the attorney-client relationship and the role regarding the Judiciary in adjudicating state secrets privileges. Thus, the SDNY has no significant "leg up" on this Court.

District and often face the prospect of having to submit their court filings for classification review. Id. at ¶7.

      3.      S.D.N.Y. Is Not A More Convenient Forum And Potential Witnesses Are Located In This Immediate Geographical Region

Simply because the SDNY case is pending in New York does not necessarily mean that it is convenient for the parties to have this case litigated in the SDNY. As a matter of fact, it is entirely inconvenient for the plaintiffs. The Jane Doe case was filed in the SDNY for reasons protected by privilege, but whatever those reasons they outweighed having the matter filed here in this District. However, transferring this case to the SDNY will create additional rounds of briefing, separate and apart from the substantive matters now at issue there, and unnecessarily ratchet up the costs that will have to be borne by the plaintiffs.[7] It is by no means inexpensive, not to mention time-consuming, for the plaintiffs' counsel to travel to the SDNY for court proceeding.[8]

Moreover, the CIA's unequivocal position that no witnesses will be required is not necessarily true. In order to justify its classification decisions, as well as to establish its classification review process, it will need to produce an afffiant to provide this factual information. McGehee, 718 F.2d at 1148-49. It may well be that a deposition of this individual,

---

[7] As noted, the plaintiffs do not physically reside in the SDNY. They maintain a residence there that is sufficient for venue/jurisdictional purposes to have enabled the proceeding to be filed there, but they reside outside of the United States.

[8] In fact, the CIA is well aware that the Doe plaintiffs have limited financial means available to them, particularly because the CIA will not properly account for or release funds held in its possession that belong to John Doe (which is likely soon be the subject of another court action filed in this District). Thus, this transfer request is no doubt based, at least in part, on the CIA's efforts to increase the costs for the Doe plaintiffs as well as inconvenience KriegerZaid.

who likely works in neighboring Virginia, will be necessary in order to resolve some of the issues that are in dispute in this case. Of course, this will be an issue for this Court to decide.

### B. The Public Interest Is In Allowing This District To Determine Matters That It Undoubtedly Will Face In Other Disputes

The CIA claims the public interest merits transfer. It does not. The factors for this Court to consider in determining whether it is in the public interest to transfer a case include: (1) the transferee court's familiarity with the governing laws; (2) the relative congestion of the calendars of the transferee and transferor courts; and (3) the local interest in deciding local controversies at home. McClamrock v. Eli Lilly & Co., 267 F. Supp. 2d 33, 41 (D.D.C. 2003)(citation omitted).

First, while it is true that this is a matter of federal law, the underlying dispute involves adjudication of First Amendment/prepublication review issues for which this District has more experience than any other, including the SDNY. See e.g., McGehee, 718 F.2d 1137; Stillman v. DoD, 209 F. Supp. 2d 185 (D.D.C. 2002), rev'd on other grounds, 319 F.3d 546 (D.C.Cir. 2003); Waters v. CIA, Civil Action No. 06-383 (D.D.C.)(RBW); Sterling v. CIA, Civil Action No. 03-0603 (D.D.C.)(TPJ); Wendy Lee v. CIA, Civil Action No. 03-0206 (D.D.C.)(TPJ). As noted above, the SDNY has no true factual knowledge of the matters in question other than having read the Complaint and one declaration.

Second, as the CIA notes, the SDNY has a more congested docket than this District. Def's Memo at 10.

Third, this is very much a local controversy that should be decided by this District. KriegerZaid routinely and regularly represent CIA employees from their offices within this District, and many times these cases turn into litigation which is filed in this Court. Zaid Decl. at ¶7, attached at Exhibit "1". As a result they often have to submit filings to the CIA for

11

classification review. This District typically plays a very important factual and legal role in the process. Therefore, it is this District that should resolve the disputes herein particularly because it involves how attorneys practice law within this District. Indeed, if this is not this case where these claims are heard, KriegerZaid will no doubt simply file similar actions in other non-related proceedings where jurisdiction/venue is more, if not exclusively, appropriate here. Thus, this is very much a local controversy.

## II. PROPER VENUE EXISTS WITH THIS COURT

### A. The CIA Frequently Litigates Cases Within This District Without Having Challenged Venue Or Having Lost Its Challenge

It should not go unnoticed by this Court that the CIA's own actions demonstrate an inappropriate attempt to manipulate the ability of this Court to adjudicate certain disputes. Despite having litigated numerous cases in this District, including where KriegerZaid acted as opposing counsel, where conceivably the exact argument it now asserts here today was legally applicable or at least available, it is seemingly picking and choosing which cases it wants to be heard in this District and before certain judges, and which it does not. The CIA, for example, was a defendant in these virtually identical, as a matter of law, prepublication review/First Amendment challenges whereby it never once asserted a venue challenge. See e.g. McGehee, 718 F.2d 1137; Stillman, 209 F. Supp. 2d 185 (D.D.C. 2002); Waters, Civil Action No. 06-383 (D.D.C.); Sterling, Civil Action No. 03-0603 (D.D.C.)(TPJ); Wendy Lee, Civil Action No. 03-

0206 (D.D.C.)(TPJ).[9] In addition the CIA has served as a defendant in numerous other types of litigation claims before this Court where it apparently never raised a venue defense (or if it did, it must have lost). See e.g. Ciralsky v. CIA, Civil Action No. 00-1709 (D.D.C.); M.K. v. Tenet, Civil Action No. 99-0095 (D.D.C.)(RMU); Harbury v. Deutch, Civil Action No. 96-00438 (D.D.C.)(CKK).

Venue against officers and agencies of the United States properly lies in any judicial district in which "a defendant in the action resides." 28 U.S.C. § 1391(e)(1)(Supp. 1992). Officers and agencies of the United States can have more than one residence, and venue can properly lie in more than one jurisdiction. Bateman v. Cheney, 827 F.Supp. 1, 2 (D.D.C. 1993). When an officer or agency head performs a "significant amount" of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue. Doe v. Casey, 601 F. Supp. 581, 584 (D.D.C. 1985), rev'd on other grounds, 796 F.2d 1508 (D.C.Cir. 1986), cert. denied, 487 U.S. 1223 (1988).

The CIA's Director's Office, and numerous other officers, are located in the District of Columbia. The CIA performs extensive work here in this District. It is therefore subject to suit here. Zaid Decl. at ¶4.

### B.  Krieger & Zaid, PLLC Is A D.C. Corporation Thereby Providing The Basis For Its Officers To Initiate Proceedings With Proper Venue In This District

The CIA claims venue is inappropriate in this District. However, the participation of KriegerZaid in their corporate status places venue squarely in this Court. KriegerZaid was

---

[9] The undersigned knows of at least one other CIA prepublication review challenge that he handled in this District in 1996, that of Patrick Eddington v. CIA, but the civil action number cannot be located.

incorporated here in the District of Columbia. Zaid Decl. at ¶3, attached at Exhibit "1"; Exhibit "2".

28 U.S.C. § 1391(e) provides: "(e) A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) *the plaintiff resides if no real property is involved in the action*…." (emphasis added).

At least three Circuits have squarely faced the issue of where venue is appropriate for corporations and have decided that for purposes of § 1391(e)(4) that a corporation resides in its state of incorporation. Flowers Industries, Inc. v. FTC, 835 F.2d 775, 777 (11th Cir. 1987); Johns-Manville Sales Corp. v. United States, 796 F.2d 372, 373 (10th Cir. 1986); Reuben H. Donnelley Corp. v. FTC, 580 F.2d 264, 268-70 (7th Cir. 1978). Numerous district courts have considered this issue well-settled for years. See e.g., Independent Bankers' Ass'n of America v. Conover,

594 F. Supp. 635 (N.D. Ill. 1984); Honeywell, Inc. v. CPSC, 566 F. Supp. 500 (D. Minn. 1983); Williams Exploration Co. v. Department of Energy, 561 F. Supp. 465 (N.D. Okla. 1980); National Distillers and Chemical Corp. v. Department of Energy, 487 F. Supp. 34 (D. Del. 1980); Amoco Production Co. v. Department of Energy, 469 F. Supp. 236 (D. Del. 1979); General Electric Co. v. FTC, 411 F. Supp. 1004 (N.D.N.Y. 1976); DC Electronics, Inc. v.

Schlesinger, 368 F. Supp. 1029 (N.D.Ill. 1974). Logically, the same rationale applies to corporate officers who are representing the corporation in an official capacity, such as here.[10]

Therefore, due to KriegerZaid's incorporation here in the District of Columbia, venue is proper.

## CONCLUSION

For the foregoing reasons, the defendant's Motion should be denied.

Date:   June 9, 2006

                                      Respectfully submitted,

                                      /s/
                                    _____
                                    Mark S. Zaid, Esq.
                                    DC Bar #440532
                                    Krieger & Zaid, PLLC
                                    1920 N Street, N.W.
                                    Suite 300
                                    Washington, D.C. 20036
                                    (202) 454-2809
                                    ZaidMS@aol.com

                                    Attorney for Plaintiffs

---

[10] As noted above, the plaintiffs believe that even as the Complaint now exists venue is appropriate here in this District. To the extent any vulnerability exists they could be simply cured by an amendment of the Complaint. The plaintiffs can amend their Complaint as a matter of right pursuant to Rule 15 of the Federal Rules of Civil Procedure. One or both of the Doe plaintiffs could be dropped, the Director of the CIA and other CIA officers can be specifically added as defendants, and Krieger & Zaid, PLLC can be added as a separate plaintiff (though it is already listed on the Complaint). However, given that the CIA's primary argument is to transfer this case, in order to conserve judicial resources and time, the plaintiffs have substantively addressed all the issues at this time. Had they amended the Complaint the CIA would merely renew its transfer Motion at a later date and valuable time would be wasted. Should this Court decide that transfer is inappropriate, but that the venue issue is not settled to its satisfaction, the plaintiffs will move to formally amend their Complaint.