# EXHIBIT "3"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
_____
                                   )
JANE DOE, JANE ROE (MINOR)         )
SUE DOE (MINOR), and JAMES         )
DOE (MINOR),                       )
                                   )
                                   )
         Plaintiffs,               )
                                   )   Civil Action No.
    v.                             )   05 CV 7939
                                   )
CENTRAL INTELLIGENCE AGENCY,       )
PORTER GOSS, [AGENCY NAME          )
REDACTED], and UNITED STATES       )
OF AMERICA,                        )
                                   )
         Defendants.               )
_____)
```

**FORMAL CLAIM OF STATE SECRETS PRIVILEGE
BY PORTER J. GOSS, DIRECTOR
CENTRAL INTELLIGENCE AGENCY**

I, PORTER J. GOSS, hereby declare and state:

1. I am the Director of the Central Intelligence Agency (CIA) and have served in this capacity since 21 April 2005. I represented the 14th Congressional District of Florida as a Member of the U.S. House of Representatives from 3 January 1989 to 23 September 2004. During that time, I served on the Permanent Select Committee on Intelligence of the U.S. House of Representatives (HPSCI) from February 1995 until August 2004. From February 1997 until the President of the United

States announced his intention to nominate me as Director of Central Intelligence (DCI) in September 2004, I served as Chairman of the HPSCI. I was confirmed by the Senate as DCI on 23 September 2004, was sworn in as DCI on 24 September 2004, and served in that capacity until 21 April 2005, when the Director of National Intelligence (DNI) was sworn into office. Prior to my service in the U.S. House of Representatives, I served as an officer of the CIA in the Directorate of Plans and Programs, the predecessor to the Directorate of Operations.

2. The CIA was established by section 104(a) of the National Security Act of 1947 (Act), as amended, 50 U.S.C. § 403-4. Pursuant to section 104(b) of the Act, 50 U.S.C. § 403-4(b), the function of the CIA is to assist the Director of the CIA (DCIA) in carrying out his assigned responsibilities. Section 104A of the Act, 50 U.S.C. § 403-4a, established the position of DCIA, whose duties and responsibilities include serving as head of the CIA and collecting information through human sources and by other appropriate means, correlating and evaluating intelligence related to the national security and providing appropriate dissemination of such intelligence, providing overall direction for coordination of the collection of national intelligence outside the United States through human

sources by elements of the intelligence community authorized to undertake such collection, and performing such other functions and duties related to intelligence affecting the national security as the President, or the DNI, may direct. A more particularized statement of the authorities of the DCIA and the CIA is set forth in sections 1.7 and 1.8 of Executive Order 12333.[1]

3. Under the direction of the DNI pursuant to 50 U.S.C. § 403-1(i), and in accordance with section 6 of the Central Intelligence Agency Act of 1949, as amended, 50 U.S.C. § 403(g), and sections 1.3(a)(5) and 1.5(h) of Executive Order 12333, I also am responsible for protecting CIA intelligence sources and methods from unauthorized disclosure.

4. I make the following statements based upon my personal knowledge and information provided to me in my official capacity.

5. I hereby submit this declaration to formally assert a claim of state secrets privilege over the classified information described in my classified declaration of even date herewith (the "Classified Declaration"), submitted for the Court's ex parte,

---

[1] Executive Order 12333, as amended, 3 C.F.R. 200 (1981), reprinted in 50 U.S.C.A. § 401 note at 21 (Supp. 2005), and as amended by Executive Order 13284, 68 Fed. Reg. 4,077 (Jan. 28, 2003).

3

in camera review. I assert this claim of state secrets privilege as the head of the CIA and after personal consideration of the matter.

6. After deliberation and personal consideration, I have determined that the classified information described in the Classified Declaration is so integral to the plaintiffs' claims that further litigation of this matter would necessarily result in the disclosure of such classified information. I also have determined that any disclosure of the classified information described in the Classified Declaration reasonably could be expected to cause serious damage to the national security.

7. After deliberation and personal consideration, I have determined that the bases for my assertion of the state secrets privilege cannot be filed on the public court record, or in any sealed filing accessible to the plaintiffs or their attorneys, without revealing the very information that I seek to protect. Therefore, no identification or disclosure of the classified information protected by the claim of privilege can be placed on the court record.

8. In consideration of my responsibility as DCIA to protect CIA activities, sources and methods, I have determined that neither plaintiffs nor their attorneys

4

possess the need to know all of the classified information contained in the Classified Declaration. Section 4.1 of Executive Order 12958 provides that "[a] person may have access to classified information provided that:

(1) a favorable determination of eligibility for access has been made by an agency head or the agency head's designee;

(2) the person has signed an approved non-disclosure agreement; and

(3) the person has a need to know the information."

9. Section 4.1(c) of Executive Order 12958 defines "need to know" as "a determination made by an authorized holder of classified information that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized government function."

10. I understand that the CIA has granted the plaintiffs' attorneys limited security approvals for access to certain classified national security information. I further understand that in connection with their representation of the plaintiffs, the CIA has authorized these attorneys to have access to some, though not all, of the classified information that is described in the Classified Declaration. However, neither the CIA's decision to grant limited security approvals, nor the

5

plaintiffs' and their attorneys' prior access to certain classified facts contained in the plaintiffs' complaint, entitle them to have access to all of the classified information that is discussed in the Classified Declaration or that relates to the plaintiffs' case. Nor does the CIA's discretionary grant of limited security approvals displace my authority as DCIA to protect intelligence sources and methods from unauthorized disclosure.

    11. My assessment that the plaintiffs and their attorneys do not have a need to know the classified information described in the Classified Declaration is not based on whether the required information is relevant to this case. Relevancy determinations are the province of the Court. It is my responsibility as DCIA, however, to determine need to know in order to fulfill my duties under the Executive Order to safeguard classified information. Here, my need-to-know determination is based on whether providing the plaintiffs or their attorneys access to any of the information covered by the claim of state secrets privilege is necessary to permit those individuals to "perform or assist in a lawful and authorized governmental function" under Section 4.1(c) of Executive Order 12958. I have concluded that it is not, and therefore I do not consent to providing them with access to the Classified

Declaration or to any of the classified information contained therein beyond that to which they have already been authorized to have access.

12. In addition to the above, litigation of this case risks additional disclosures of the classified information described in the Classified Declaration and protected by my claim of state secrets privilege. During discovery and trial, I understand that parties seek and present information and evidence to establish or refute their claims and defenses. Such proceedings necessarily risk disclosure of additional classified information beyond that which the plaintiffs or their attorneys have been authorized to learn. Such proceedings also would necessarily involve the participation of other individuals, such as witnesses and court personnel, increasing the risk of unauthorized disclosure of classified information. Finally, no procedures exist that can adequately safeguard the sensitive classified information implicated in this case and prevent its unauthorized disclosure during the course of litigation.

13. In my judgment, the consequences of disclosure to plaintiffs, plaintiffs' attorneys, or others involved in the litigation process from even an inadvertent slip are too great to permit disclosure of information protected by

this claim of privilege, even under protective provisions that the Court might be asked to enter. Accordingly, I assert this formal claim of state secrets privilege to protect the information encompassed by the Classified Declaration from disclosure in this proceeding, including protecting the information from disclosure to plaintiffs, plaintiffs' attorneys, or any person who is or becomes associated with their litigation team.

\* \* \*

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this __16th__ day of March, 2006.

_____
Porter J. Goss
Director
Central Intelligence Agency

8