UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DOE, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | Civil Action No. 1:05-CV-02483 (RMC) |
| | ) | |
| | ) | |
| CENTRAL INTELLIGENCE AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER
OR, IN THE ALTERNATIVE, TO DISMISS**

Plaintiffs attempt to establish venue and oppose the motion to transfer by claiming that the legal entity of Krieger & Zaid, PLLC ("the law firm"), has its legal residence in the district of the District of Columbia ("D.D.C." or "the District"). See generally Plaintiffs' Opposition to Defendant's Motion to Transfer or, in the Alternative, to Dismiss ("Pls.' Opp."). This effort fails in many respects. As an initial matter, the legal entity of Krieger & Zaid, PLLC, is not a plaintiff in this litigation. Thus, its residence is wholly irrelevant. Further, the law firm would not be a proper plaintiff in this suit even if it were listed as one. Even if the law firm were a plaintiff, Defendant's arguments for why the case should be transferred would remain. This case is inextricably linked to Doe v. Central Intelligence Agency ("CIA"), No. 05 CV 7939 (S.D.N.Y.) (hereinafter "Doe I"). It makes much more sense from a judicial resource standpoint, as well as in terms of the public and private interests at stake, to litigate both cases in the same jurisdiction. As Doe I is in a more advanced stage than the instant case ("Doe II"), and as Doe I was the first-filed case, it is only logical that this case should be transferred to the Southern District of New

York ("S.D.N.Y. or "the Southern District"). Failing that, the case should be dismissed for lack of venue.

**ARGUMENT**

I.  THE INSTANT CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT.

As discussed in Defendant's opening brief, this case might have been brought in the Southern District, and transferring it there would be in the interest of the parties and the public. See generally Defendant's Memorandum in Support of its Motion to Transfer or, in the Alternative, to Dismiss ("Def.'s Memo."). Plaintiffs do not deny that this case might have been brought in the Southern District, so Defendant has established that threshold requirement.[1] See Pls.' Opp. at 4 n.3. The only remaining issue for the Court is whether this case is better heard in D.D.C. or S.D.N.Y.

   A.  PLAINTIFFS' CHOICE OF FORUM IS NOT THEIR HOME FORUM AND SHOULD BE CONSIDERED WITH REDUCED DEFERENCE.

Plaintiffs chose the District of Columbia as their preferred forum, and such choice is generally entitled to deference. See S. Utah Wilderness Alliance v. Norton, 315 F. Supp. 2d 82, 86 (D.D.C. 2004). This deference is reduced, however, where the forum chosen is not the

---

[1] Plaintiffs suggest that if the law firm of Krieger & Zaid, PLLC, brought this suit in D.D.C. without the other plaintiffs, S.D.N.Y. would have no jurisdiction. Pls.' Opp. at 4 n.3. As an initial matter, this is an irrelevant speculation, since that is not what Plaintiffs did. They filed the suit with named Plaintiffs who have a residence in the Southern District. In addition, S.D.N.Y. would have jurisdiction even without the Doe plaintiffs because significant events (e.g., the filing of the Doe I complaint) occurred in S.D.N.Y. See Abramoff v. Shake Consulting, L.L.C., 288 F. Supp. 2d 1, 4-5 (D.D.C. 2003). Finally, Defendant disagrees with Plaintiffs' contention that the law firm of Krieger & Zaid, PLLC, would have any legal right to bring this lawsuit in any district. See Mezibov v. Allen, 411 F.3d 712, 718-21 (6th Cir. 2005); Zal v. Steppe, 968 F.2d 924, 931 (9th Cir. 1992) (Trott, J. concurring).

plaintiffs' home forum.  Brannen v. Nat'l R.R. Passenger Corp., 403 F. Supp. 2d 89, 93 (D.D.C 2005); Def.'s Memo at 6-7.  None of the named plaintiffs in this case reside within the District of Columbia.  In fact, while Plaintiffs John and Jane Doe have not alleged that they reside in the District of Columbia, they do allege that they have a residence in the Southern District of New York.  Doe I Complaint ¶ 1.  Nor does the Complaint allege that named plaintiffs Roy Krieger and Mark Zaid live in the District of Columbia, and they do not so allege in their opposition brief.

Plaintiffs attempt to get around the fact that no named plaintiff lives in D.C. by claiming that the law firm of Krieger & Zaid, PLLC, resides in the District.  Pls.' Opp. at 3, 13-15.  However, the law firm is not a plaintiff in this case.[2]  Roy Krieger and Mark Zaid are named as individual plaintiffs, but the law firm is not identified as a plaintiff.  See Complaint ¶¶ 5-6.  Because the law firm is not a plaintiff in this case, Plaintiffs' entire discussion as to the legal residency of the law firm is wholly irrelevant.  Further, Plaintiffs cannot amend the Complaint in their opposition brief to add a party for the purposes of creating venue where there is none.  See Mazloum v. D.C., __ F. Supp. 2d __, 2006 WL 1770500 *8 n.7 (D.D.C. June 27, 2006); Calvetti v. Antcliff, 346 F. Supp. 2d 92, 106-07 (D.D.C. 2004); Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv., 297 F. Supp. 2d 165, 170 (D.D.C. 2003) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.").  There is no allegation

---

[2]  Plaintiffs contend that it is clear from the face of the Complaint that the law firm of Krieger & Zaid, PLLC, is a plaintiff.  Pls.' Opp. at 5 n.4.  This is simply not the case.  What is clear from the Complaint is that the individuals Mark Zaid and Roy Krieger have been named as plaintiffs.  Complaint ¶¶ 5-6, Caption.  Plaintiffs note that they could, under Federal Rule of Civil Procedure 15, amend the Complaint.  Pls.'s Opp. at 15 n.10; 5 n.4.  Thus far, they have not done so.  And, as noted below, such amendment would not resolve the issue, as the law firm is not a proper plaintiff in this case.

in the Complaint that establishes that any plaintiff resides in the District. Therefore, the choice of the District as a venue is entitled to little weight.

Even if Plaintiffs were to amend their Complaint to add Krieger & Zaid, PLLC, such amendment would fail. The law firm has no legally protectable interests at stake in this case.[3] In filing the complaint for the Does, Krieger & Zaid, PLLC, was not engaged in free expression, but was solely attempting to vindicate its client's rights. Mezibov v. Allen, 411 F.3d 712, 718-21 (6th Cir. 2005) (dismissing for failure to state a claim as plaintiff/attorney had no First Amendment protection in filings and court proceedings), cert. denied, 126 S. Ct. 1911 (2006). In fact, when filing the S.D.N.Y. complaint, Krieger & Zaid, PLLC, had no First Amendment protection whatsoever as it was "simply doing [its] job." Id.

Defendant is unaware of any circuit court that has granted an attorney relief under conditions similar to the instant case. See id. at 717. An attorney's First Amendment protection in court proceedings has been recognized by the Supreme Court as extremely circumscribed. Gentile v. State Bar of Nev., 501 U.S. 1030, 1071 (1991). Additionally, the historical practice of the courts renders it a nonpublic forum "where the rights of everyone (attorneys included) are at their constitutional nadir." Mezibov, 411 F.3d at 718 (citing Berner v. Delahanty, 129 F.3d 20, 26 (1st Cir. 1997)).[4] Further, any right to "free speech" claimed by attorneys is actually

---

[3] The arguments regarding why the law firm is not a proper plaintiff would apply with equal force to Messrs. Krieger and Zaid as individuals acting in their capacities as attorneys.

[4] In addition, no plaintiff has any First Amendment right to disclose classified information. See United States v. Aguilar, 515 U.S. 593, 606 (1995) ("As to one who voluntarily assumed a duty of confidentiality, governmental restrictions on disclosure are not subject to the same stringent standards that would apply to efforts to impose restrictions on unwilling members of the public."); United States v. Robel, 389 U.S. 258, 267 (1967) ("while

derivative of their clients' rights, and is not an independent right that resides with the attorneys. See Zal v. Steppe, 968 F.2d 924, 931 (9th Cir. 1992) (Trott, J. concurring) ("[A] lawyer properly functioning as such on behalf of a client has no independent First Amendment rights in the courtroom.").

No plaintiff resides in D.C. Krieger & Zaid, PLLC, is not presently a plaintiff, and any attempt to add it as a party would not save Plaintiffs' venue argument, as Krieger & Zaid, PLLC, would not be a proper Plaintiff.

### B. DOE II IS DIRECTLY RELATED TO DOE I AND SHOULD BE ADJUDICATED BY THE SAME COURT.

Doe I and Doe II should be heard by the same court because there is a strong relationship between the two cases. Doe II challenges the redactions to the complaint that was filed in Doe I. The Southern District is presently examining a claim of state secrets with regard to those same redactions. Despite Plaintiffs' protests to the contrary, the outcome of the CIA's invocation of the state's secret privilege in Doe I directly implicates the outcome of Doe II.

Plaintiffs' contentions that none of the questions raised by Doe II will be at stake in Doe I and that S.D.N.Y. has no knowledge of the underlying dispute are clearly erroneous. Pls.' Opp. at 6, 9 n.6. The Southern District has had the opportunity to view the content of the redactions through in camera review in determining whether the state's secret privilege has been properly invoked. Further, S.D.N.Y. has before it a classified declaration explaining the nature of and reasons for the redactions in the Doe I complaint and therefore has before it the national security

---

the Constitution protects against invasions of individual rights, it does not withdraw from the Government the power to safeguard its vital interests") (citing Kennedy v. Mendoza-Martinez, 372 U.S. 144, 160 (1963)). See also Snepp v. U.S., 444 U.S. 507 (1980). The information at issue in this case has been deemed classified by the CIA.

rationale supporting classification. Thus, at this point, S.D.N.Y has a significant amount of information before it that is relevant to Doe II, and this Court has thus far had no need or opportunity to involve itself with the facts of this case. It is therefore more efficient to have the two cases argued together in the Court where the greater information exists, the Southern District. See Weinberger v. Tucker, 391 F. Supp. 2d 241, 245 (D.D.C. 2005). Further, the adjudication of these cases separately risks inconsistent outcomes. See Reiffin v. Microsoft Corp., 104 F. Supp. 2d 48, 56 (D.D.C. 2000); Environmental Crimes Project v. EPA, 928 F. Supp. 1, 1 (D.D.C. 1995). Because the cases are so closely related, they should be adjudicated by the same court. See Vencor Nursing Centers, L.P. v. Shalala, 63 F. Supp. 2d 1, 6 (D.D.C. 1999).

      Plaintiffs' assertion that an independent invocation of privilege in Doe II is required does not support their position that this case should be litigated in D.D.C.[5] Pls.' Opp. at 7. Even if it were true that an assertion of the state secrets privilege were required in Doe II, it would still be more efficient for that claim to be heard by the same court that hears Doe I, as the information upon which the assertion of state secrets would be made is identical. Furthermore, if Doe I is dismissed on state secrets grounds, Doe II will become moot, because the only import of Doe II is to have the Doe I complaint unredacted so that Doe I can be litigated without redactions in the complaint. Once Doe I is dismissed, no such relief is possible, and Doe II will cease to be.

      Plaintiffs claim that the agency had previously asked Plaintiffs to consent to moving Doe I to D.D.C. and that Plaintiffs would not consent to such a transfer. Pls.' Opp. at 4 n.3 (citing

---

      [5] Doe II is simply a challenge to the redactions of Doe I, attempting to show that the information was not properly classified. At this point, it is not clear that an assertion of state secrets privilege is necessary in Doe II.

Declaration of Mark S. Zaid ¶ 5). This characterization is not accurate. To the contrary, the Assistant United States Attorney assigned to Doe I indicated to Plaintiffs' counsel that the two cases were obviously related and should be heard together, but that the government was not certain, at that time, in which jurisdiction the cases should be heard. Declaration of Sarah Normand at ¶ 4. Plaintiffs' counsel indicated that he would consent to having Doe I transferred to D.D.C. to be consolidated with Doe II, as long as the government agreed to make no further venue challenges. Id.; see also id. at Exh. A.

      C.      NO SUBSTANTIAL EVENTS IN THIS CASE TOOK PLACE IN D.D.C.

As noted in the opening brief, Plaintiffs are also entitled to less deference in their choice of forum because the substantial events of this case did not take place in D.D.C. Def.'s Memo. at 6-7; Sheldon v. Nat'l R.R. Passenger Corp., 355 F. Supp. 2d 174, 178 (D.D.C. 2005). Plaintiffs argue that substantial events in the litigation took place in D.C. However, Plaintiffs' alleged list of substantial events fails to prove their argument.

First, the list includes Plaintiffs' drafting of the S.D.N.Y. complaint and meetings between Plaintiffs and their counsel. Pls.' Opp. at 6. The general venue statute, however, is meant to protect the defendant and as such, it is the defendant's relevant actions that are the main focus of the inquiry. Abramoff v. Shake Consulting, L.L.C., 288 F. Supp. 2d 1, 4 (D.D.C. 2003) (citing Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371-72 (11th Cir. 2003)). The CIA took no part in the drafting of the complaint and was not in attendance at Plaintiffs' meetings with their counsel, so the fact that these events took place in D.D.C. is irrelevant to the venue issue.[6]

---

[6]     Plaintiffs also allege that their attorneys frequently litigate claims against the CIA in the District. Unsurprisingly, they have cited no caselaw that says that the presence of other cases on a similar topic in a particular district can create venue where none otherwise exists.

Second, Plaintiffs list of alleged events that are unrelated to the formation of the claim itself, such as alleging that the CIA picked up a copy of the Doe I complaint and alleging that the CIA generally has a presence in the District. The general presence of the CIA in the District and a messenger service lend themselves more to a minimum contacts and "personal jurisdiction analysis rather than a proper venue analysis." Jenkins Brick Co., 321 F.3d at 1372. The focus of the venue analysis should question whether the events "have a close nexus to the wrong." Id. The events that allegedly occurred within the District of Columbia were prior to any redaction decision by the CIA, the allegedly wrongful action of which the Plaintiffs complain. These ministerial acts are not ultimately relevant to the claim and are thus not a basis for establishing venue. Abramoff, 288 F. Supp. 2d at 5 (quoting Fin. Mgmt. Servs., Inc. v. Coburn Supply Co., Inc., 2003 WL 255232, *2 (N.D. Ill. Feb. 5, 2003)). The redaction decisions as to which Plaintiffs are actually complaining took place in the Eastern District of Virginia, where the CIA is located and have their principal effect in S.D.N.Y., where the Doe I complaint was filed.

D.  **TRANSFERRING THE CASE TO S.D.N.Y. WILL NOT UNDULY BURDEN THE PARTIES.**

Plaintiffs complain about the difficulty of litigating the case in S.D.N.Y. However, it was Plaintiffs' initial decision to file Doe I in S.D.N.Y. that has created the problem. Plaintiffs have filed two related cases in different districts. Defendant seeks to have these cases litigated in the same court – the court with the most information about the underlying facts and where the first case was filed – the Southern District. Thus, Plaintiffs' complaints about the inconvenience of S.D.N.Y. are entitled to no weight. See Reiffin v. Microsoft Corp., 104 F. Supp. 2d 48, 52

---

Venue for each case is to be evaluated on its own merits. Here, Plaintiffs have not established it.

(D.D.C. 2000) (noting that the plaintiff would not be inconvenienced by the transfer, since the plaintiff had filed a related case in the transferee forum).  These complaints particularly lack credibility where two of the plaintiffs have a residence in New York and have no relationship to the District.  It is essentially only the attorneys/plaintiffs, Messrs. Krieger and Zaid, who do not wish to litigate this case in S.D.N.Y., although they obviously are litigating Doe I there.  However, the alleged burden on the plaintiffs' attorneys is also entitled to no weight.  McClamrock v. Eli Lilly & Co., 267 F. Supp. 2d 33, 40 (D.D.C. 2003).

Furthermore, if time and money are the Plaintiffs' chief concern of convenience, then transfer answers their dilemma more appropriately than does litigating the same issue in two separate courts.  One court deciding the issues which intertwine Doe I and Doe II will relieve both parties of dual and redundant work in litigating these two otherwise concurrent cases.  The transfer of Doe II, as an extension of Doe I, will permit the adjudication of the related matters together, serving the interests of justice by avoiding multiple and potentially conflicting litigation, while allowing Plaintiffs' use of the originally convenient court of their choosing.  See Vencor Nursing Centers, L.P. v. Shalala, 63 F. Supp. 2d 1, 6 (D.D.C. 1999).

Plaintiffs claim that there is some vague possibility of witnesses being required, and that litigating the case in S.D.N.Y. would therefore be inconvenient.  Pls.' Opp. at 10-11.  The CIA maintains its position that no witnesses will be required in this matter, as the case will ultimately be resolved by dispositive motions.  Even if Plaintiffs' claim that an affidavit or deposition of an individual may occur were correct, it still does not weigh against transfer.  Witnesses are a factor only when unavailable for trial in one of the fora.  Brannen v. Nat'l R.R. Passenger Corp., 403 F. Supp. 2d 89, 94 (D.D.C 2005).  As the Plaintiffs correctly note, if the hypothetical witness were

to materialize, he or she would most likely not be found in either D.D.C. or S.D.N.Y.  Pls.' Opp. at 10-11.  As the witness would not reside in either forum under discussion, the matter is irrelevant to the determination as to whether transfer should occur.

      E.      TRANSFER TO THE SOUTHERN DISTRICT IS IN THE PUBLIC INTEREST.

It is in the public interest to transfer this case to the Southern District, as explained in the opening brief.  Def.'s Memo. at 9-11.  The relevant factors courts look to in determining the public interest in a possible venue transfer include (1) the transferee court's familiarity with the governing laws; (2) the relative congestion of the calendars of the transferee and transferor courts, and (3) the local interest in deciding local controversies at home.  Sierra Club v. Flowers, 276 F. Supp. 2d 62, 69-70 (D.D.C. 2003).  These factors favor transfer.

First, Doe II consists purely of federal issues.  This Court has held to the "principle that the transferee federal court is competent to decide federal issues correctly." Id. (dismissing the first factor as having little significance when federal environmental law applied) (quoting In re Korean Air Lines Disaster of Sept. 1, 1983, 829 F.2d 1171, 1175 (D.C. Cir. 1987)).  Plaintiffs cite to no cases which suggest that the general presumption that all federal courts are equally capable of addressing federal issues is overcome simply because a particular district court has adjudicated several cases on a particular topic.

Second, even though the S.D.N.Y. may have a more congested docket than this Court, the reasoning behind this factor is to prevent any unnecessary delays.  See Schmidt v. Am. Institute of Physics, 322 F. Supp. 2d 28, 35 (D.D.C. 2004).  This Court has yet to go forward with any proceedings in the instant case and has no familiarity with the underlying facts, while

the S.D.N.Y. has familiarity with the classified facts relevant to the redactions of the Doe I complaint, meaning that transfer will not cause unnecessary delay.  Id.; Def.'s Memo. at 10-11.

Third, notwithstanding Plaintiffs' assertions, the CIA's classification decisions are not local controversies.[7]  The CIA's policies of classification are national issues, as classified information is found in documents across the nation, evidenced most appropriately by the filing of Doe I in New York.  See also Tilden v. Tenet, 140 F. Supp. 2d 623, 626-28 (E.D. Va. 2000).  The invocation of local controversy as a weighty factor has most often involved the application of state law or a localized impact.  See, e.g., Nat'l Wildlife Fed'n v. Harvey, 2006 WL 1698912 *4 (D.D.C. June 15, 2006) (determining there was a local controversy that affected land and rivers only in Southern Florida).   Essentially, Plaintiffs are arguing that because Plaintiffs' counsel has brought a number of pre-publication review cases in the District, the issue is a local one, and they should be able to bring all pre-publication review cases in the District.  Pls.' Opp. at 11-12.  This is not the case.  It is not the lawyers that make a controversy local or national–it is the nature of the issue itself.  There is no reason that classification determinations made by the CIA are purely local issues.

## II. VENUE IS NOT PROPER IN THE DISTRICT OF COLUMBIA.

The Court  lacks venue over this case.  If the Court decides not to transfer the case to the Southern District, it must dismiss the case.  None of the Plaintiffs reside in the District.  Furthermore, the Defendant does not reside in the District, as the CIA is located in the Eastern

---

[7] Plaintiffs characterize this case as a pre-publication review case to make it appear similar to other cases they are currently litigating in D.D.C.  Defendant does not agree with this characterization.  This case is a challenge to classification decisions in the Doe I complaint.  Even if it were a pre-publication review case, that would not make this a "local controversy" in the District.

District of Virginia. Finally, no significant events associated with this case took place in the District of Columbia. Plaintiffs argue that there is venue because Krieger & Zaid, PLLC, resides in D.D.C. (which has been addressed above) and that there have been a number of pre-publication suits against the CIA in the District. Pls.' Opp. at 12-15.

The existence of other cases on a similar topic in the District does not mean that there is venue in this case. It is Plaintiffs' burden to establish venue in this case, and they have not done so. See Varma v. Gutierrez, 421 F. Supp. 2d 110, 113 (D.D.C. 2006); Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). Plaintiffs argue that because the CIA did not contest venue in the pre-publication cases they listed, it is essentially precluded from contesting it in this case. Pls.' Opp. at 12-13. Plaintiffs cite no caselaw to support such a proposition.[8]

In any event, most of the cases Plaintiffs cite to show that CIA has not generally contested venue in the past were filed prior to the creation of the position of the Director of National Intelligence ("DNI") in 2004. Caselaw prior to the DNI's creation held that the Director of Central Intelligence ("DCI"), who was also the CIA Director, resided in D.C. because of the nature of his duties. Bateman v. Cheney, 827 F. Supp. 1, 2 (D.D.C. 1993) (relying on Doe v. Casey, 601 F. Supp. 581, 584-85 (D.D.C 1985), rev'd on other grounds, 796 F.2d 1508 (D.C. Cir. 1986)). However, the DCI's duties were significantly altered with the passage of the National Security Intelligence Reform Act of 2004 ("NSIRA"), 50 U.S.C. §§ 401 et seq., and this change in duties significantly undermines the applicability of the Casey line of

---

[8] Nor does the CIA need a reason not to have contested venue in the cases Plaintiffs list. Venue can be waived. Fletcher v . Reilly, 433 F.3d 867, 875 (D.C. Cir. 2006). The fact that the CIA may have waived possible venue challenges in other cases does not preclude it from making such a challenge in this case.

cases. The DCI previously maintained two offices in D.C., was a member of the President's Cabinet and the National Security Council, and regularly reported to Congress on intelligence matters. Bateman, 827 F. Supp. at 2 n.2. NSIRA transferred a large portion of the DCI's responsibilities to the newly-created DNI. The DNI is currently the head of the intelligence community, with the CIA Director as a subordinate. 50 U.S.C. § 403a(b).

The DNI now performs all of the duties and fills all the positions that were the impetus for venue in Casey and referred to in Bateman. In fact, the only relevant aspect of the DCI's position that has gone unchanged is the presence of an office in the District of Columbia. However, the mere presence of an office for the CIA Director does not mean that either the Director or the CIA resides in the District of Columbia. See, e.g., Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 94-95 (D.D.C. 1983); Def.'s Memo. at 12-13. Rather, as to the Director, the question is whether a significant amount of his official duties are performed in D.C. Bateman, 827 F. Supp. at 2. The Director's current duties revolve around the day-to-day operation of the CIA in its collection and dissemination of information. 50 U.S.C. § 403-4a(d). The bulk of these duties take place at CIA headquarters, in Langley, Virginia. As such, the CIA Director should not be deemed to reside in D.C. Furthermore, the Director is not a defendant in this case; only the agency is. Plaintiffs must establish venue based on facts specific to this case.

Because none of the parties reside in D.D.C. and none of the significant events of this litigation occurred there, this Court lacks venue, and the case should be dismissed.

## CONCLUSION

For the foregoing reasons, the instant case should be transferred to the Southern District or dismissed for lack of venue.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
U.S. Attorney for the District of Columbia

VINCENT M. GARVEY
Deputy Branch Director


_____/s/_____
MARCIA N. TIERSKY, Ill. Bar 6270736
Trial Attorney
Federal Programs Branch
U.S. Department of Justice
20 Massachusetts Ave., N.W. Room 7206
Washington, D.C. 20530
(202) 514-1359
Fax (202) 318-0486
marcia.tiersky@usdoj.gov