**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOHN DOE | * | |
| c/o Krieger & Zaid, PLLC | * | |
| 1920 N Street, N.W. | * | |
| Suite 300 | * | |
| Washington, D.C. 20036 | * | |
| | * | |
| and | * | |
| | * | |
| JANE DOE | * | |
| c/o Krieger & Zaid, PLLC | * | |
| 1920 N Street, N.W. | * | |
| Suite 300 | * | |
| Washington, D.C. 20036 | * | |
| | * | |
| and | * | Civil Action No: 05 -_____ |
| | * | |
| ROY W. KRIEGER. | * | |
| Krieger & Zaid, PLLC | * | |
| 1920 N Street, N.W. | * | |
| Suite 300 | * | |
| Washington, D.C. 20036 | * | |
| | * | |
| and | * | |
| | * | |
| MARK S. ZAID. | * | |
| Krieger & Zaid, PLLC | * | |
| 1920 N Street, N.W. | * | |
| Suite 300 | * | |
| Washington, D.C. 20036 | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| CENTRAL INTELLIGENCE AGENCY | * | |
| Washington, D.C. 20505 | * | |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * *

**FIRST AMENDED COMPLAINT**

Plaintiffs John Doe, Jane Doe, Roy W. Krieger and Mark S. Zaid bring this action against defendant Central Intelligence Agency ("CIA") for injunctive and declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the Administrative Procedure Act, 5 U.S.C. § 701 et seq., the All Writs Act, 28 U.S.C. § 1651, the CIA's internal regulations and the First Amendment to the Constitution of the United States. The Central Intelligence Agency has unlawfully imposed a prior restraint upon the plaintiffs by wholly infringing their right to disseminate unclassified information.

**JURISDICTION**

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

**VENUE**

2. Venue is appropriate in the District under 5 U.S.C. § 703 and 28 U.S.C. § 1391.

**PARTIES**

3. Plaintiff John Doe was formerly employed by the CIA and is required by virtue of a secrecy agreement to submit all writings for prepublication review.

4. Plaintiff Jane Doe is the spouse of John Doe and was formerly employed by the CIA and is required by virtue of a secrecy agreement to submit all writings for prepublication review.

5. Roy W. Krieger ("Krieger") is an attorney for plaintiffs John Doe and Jane Doe, and is required by virtue of a secrecy agreement to submit all writings pertaining to his representation to their interests for prepublication review.

6. Mark S. Zaid ("Zaid") is an attorney for plaintiffs John Doe and Jane Doe, and is required by virtue of a secrecy agreement to submit all writings pertaining to his representation to their interests for prepublication review.

7. Defendant CIA is an agency as defined by 5 U.S.C. § 701. Its actions have prevented the plaintiffs from disseminating unclassified information.

**FACTS**

8. John Doe and Jane Doe are former employees of the CIA who are currently litigating a variety of employment disputes against the CIA. Both executed secrecy agreements with the CIA. They retained Krieger and Zaid to act as their attorneys. As a result of their retention, Krieger and Zaid also executed secrecy agreements in order to be permitted to receive classified information from John Doe and Jane Doe The secrecy agreements in question require the submission of writings relating to the CIA to be submitted before dissemination for classification review.

9. On the basis of the attorney-client relationship, and the relevant secrecy agreements, John Doe and Jane Doe determined that Krieger and Zaid had a need to know classified information relating to their legal dispute with the CIA. Additionally, John Doe and Jane Doe shared unclassified information with Krieger and Zaid.

10. Having received information from John Doe and Jane Doe, Krieger and Zaid drafted a lawsuit Complaint on Jane Doe's behalf that contained only unclassified information. Pursuant to their secrecy agreements, Krieger & Zaid submitted the Complaint to the CIA for classification review in or around Spring 2005.

11. After several months elapsed, the CIA finally returned the Complaint to Krieger and Zaid. The CIA claimed the document contained classified information and heavily redacted the contents. The Complaint, as redacted, was filed before the U.S. District Court for the Southern District of New York and is currently pending.

12. By letter dated September 8, 2005, Krieger and Zaid, on behalf of John Doe and Jane Doe and themselves individually, appealed to the CIA's Publications Review Board, which oversees the classification review of documents submitted by those under an obligation pursuant to their secrecy agreements, to conduct a classification review of the Complaint in order for the plaintiffs to challenge the redactions.

13. By letter dated September 23, 2005, John L. McPherson, Associate General Counsel, CIA, informed Krieger and Zaid that the "CIA's point of contact for any correspondence relating to the pre-filing classification review of legal documents is the Office of General Counsel (OGC) Area Security Officer (ASO), not the Publications Review Board." Additionally, McPherson stated that the CIA had determined they would not "reconsider their initial determination."

**FIRST CAUSE OF ACTION**
**(FIRST AMENDMENT - RIGHT TO PUBLISH -**
**CLASSIFICATION CHALLENGE)**

14. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 13 above, inclusive.

15. The plaintiffs properly submitted, pursuant to one or more secrecy agreements, a lawsuit Complaint to the CIA in or around Spring 2005.

16. The CIA has identified classification concerns in the Complaint and denied the plaintiffs the right to publish certain information therein.

17. The CIA has failed to show that the plaintiffs' First Amendment right to publish is outweighed by the government's interest in efficiently carrying out its mission by minimizing harms that are real, not merely conjecture.

18. The CIA has failed to demonstrate the existence of substantial government interests that would enable it to prohibit the publication by the plaintiffs of the entire Complaint. Moreover, they have imposed unreasonable restrictions on the plaintiffs' activities that are protected by the First Amendment.

19. The CIA's restrictions imposed upon the plaintiffs have been unduly vague and were not narrowly confined to avoid infringement of her First Amendment rights. It has unnecessarily restricted speech that does not serve to protect any substantial government interest.

20. Most importantly, the CIA has not produced any explanations, much less with reasonable specificity, that demonstrates a logical connection between the information to be deleted and the reasons for classification. The reasons for classification are neither rational nor plausible, nor are they even known. Thus, they cannot support the CIA's attempt to censor the plaintiffs' Complaint.

21. Because the CIA has impermissibly infringed upon the plaintiffs' right to disseminate the information contained within the Complaint, they have violated the plaintiffs' First Amendment rights and caused actual adverse and harmful effects.

### SECOND CAUSE OF ACTION
### (FIRST AMENDMENT – INTERFERENCE WITH RIGHT TO COUNSEL)

22. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 13 above, inclusive.

23. The plaintiffs properly submitted, pursuant to one or more secrecy agreements, Jane Doe's Complaint to the CIA for pre-publication review in or around Spring 2005.

24. The CIA was required to conduct its classification review within 30 days, but failed to do so. In fact, the CIA, notwithstanding repeated inquires from Krieger and Zaid, took several months to return the document. During that time Krieger and Zaid were unable to file the Complaint on behalf of Jane Doe and initiate her litigation against the CIA. It was not until Krieger and Zaid informed the CIA that they were planning to file the unredacted Complaint under seal that the CIA finally responded.

25. The CIA identified classification concerns in the Complaint and denied the plaintiffs the right to disseminate those portions of the document.

26. Due to the CIA's classification of information within the Complaint, Krieger and Zaid are no longer permitted to maintain a copy of Jane Doe's Complaint as they are prohibited from storing classified information at their office. The CIA is well aware of this fact as the rule is imposed by the CIA and all requests for permission to obtain a safe to allow for secure and proper storage of classified information have been denied. Upon

information and belief, the CIA intentionally and a falsely classifies information for the purposes of interfering with the attorney-client relationship between Krieger and Zaid and their clients. John Doe and Jane Doe's undersigned counsel possesses the requisite security access approval to obtain classified information, as well as possess the requisite need-to-know the information and have continuing access to the contents of the Complaint in order to adequately represent the interests of John Doe and Jane Doe through administrative and litigative proceedings. Both John Doe and Jane Doe have made the proper determinations that Krieger and Zaid possesses a "need-to-know" the contents of the Complaint.

26. By Order dated September 21, 2005, the Honorable Laura T. Swain, U.S. District Judge, Southern District of New York, ordered the plaintiffs to "promptly submit for filing under seal an unredacted copy of the complaint herein." The plaintiffs are unable to comply with this Court Order due to the actions of the CIA in preventing their access to the unredacted document.

27. The CIA's refusal to allow the plaintiffs' access to the entire Complaint interferes with the right to counsel and violates the First Amendment.

28. Because the CIA has impermissibly infringed upon John Doe and Jane Doe's right to counsel and First Amendment rights, they have suffered actual adverse and harmful effects.

**THIRD CAUSE OF ACTION**
**(ADMINISTRATIVE PROCEDURE ACT – FAILURE TO FOLLOW REGULATIONS)**

29. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 13 above, inclusive.

30. The plaintiffs properly submitted, pursuant to one or more secrecy agreements, a copy of Jane Doe's Complaint to the CIA in or around Spring 2005.

31. The CIA intentionally delayed processing and completing its prepublication review of the document in violation of its own regulations.

32. The plaintiffs will be filing additional documents for prepublication review with the CIA, both as part of this litigation and other litigation, and the CIA will likely, based on an established pattern and practice, fail to timely respond. Moreover, the CIA will claim certain unclassified information is classified but will not permit, contrary to regulations, any attempt by the plaintiffs to challenge the classification decisions.

33. The CIA, its officers and employees, committed and undertook actions that were arbitrary, capricious and/or an abuse of discretion pertaining to the plaintiffs including, but not limited to, unreasonably delaying completion of the classification process, denying an opportunity to properly utilize the prepublication review process to challenge classification decisions and unreasonably affirming classification decisions. These acts are unwarranted by the facts, unsupported by substantial evidence, in violation of internal regulations and federal statutes, contrary to constitutional right, power, privilege, or immunity, or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, thereby causing the plaintiffs to suffer legal wrongs under the Administrative Procedure Act. As a result, the plaintiffs have suffered adverse and harmful effects.

WHEREFORE, the plaintiffs request that the Court award them the following relief:

(1) Issue a permanent injunction to block the CIA from restraining the dissemination of an unredacted copy of Jane Doe's Complaint;

(2) Declare that the plaintiffs possess a First Amendment right to publish the information within the Complaint and a right to counsel;

(3) Enjoin the CIA from failing to timely complete its review of submitted documents for prepublication review;

(4) Enjoin the CIA from interfering with the attorney-client relationship;

(5) Enjoin the CIA from preventing the plaintiffs from challenging classification decisions through the CIA's Publication Review Board;

(6) Declare that the CIA violated the Administrative Procedure Act and its internal regulations governing prepublication review;

(7) Award the plaintiffs the costs of the action and reasonable attorney fees under the Equal Access to Justice Act or any other applicable law; and

(8) grant such other relief as the Court may deem just and proper.

Date:   November 11, 2005

                                           Respectfully submitted,

                                           /s/
                                         _____

Mark S. Zaid, Esq.
D.C. Bar #440532
Krieger & Zaid, PLLC
1920 N Street, N.W.
Suite 300
Washington, D.C.  20036
(202) 454-2809


                                           /s/
                                           _____

Roy W. Krieger, Esq.
D.C. Bar #
Krieger & Zaid, PLLC
1920 N Street, N.W.
Suite 300
Washington, D.C.  20036
(202) 454-2835

Attorneys For Plaintiffs