UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHN DOE, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 05-2483 (RMC) |
| CENTRAL INTELLIGENCE AGENCY, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

Plaintiffs John and Jane Doe previously maintained a working relationship with the Central Intelligence Agency ("CIA"), with whom they are in litigation in the Southern District of New York. Their attorneys, Krieger & Zaid, PLLC, drafted a complaint for Jane Doe and submitted it to the CIA for classification review in the spring of 2005. The CIA heavily redacted the complaint on the basis that it contained classified information. As redacted, the complaint was filed in the U.S. District Court for the Southern District of New York. This suit challenges the CIA's classification of certain information specifically and its pre-publication review and classification process generally. The CIA challenges venue in this district and asks that the case be transferred to New York. The Court will transfer the case.

John and Jane Doe live overseas and not in the District of Columbia. The CIA is located in Virginia, just outside Washington, D.C. While Messrs. Krieger and Zaid are also plaintiffs and their law firm is located in D.C., neither man resides in the city. The CIA's actions in redacting the Jane Doe complaint were taken in Virginia. Prior cases have found appropriate D.C.

venue in cases involving the CIA due to the fact that the Director of the CIA maintained two offices in D.C., was a member of the President's Cabinet and the National Security Council, and regularly reported to Congress on intelligence matters. *Bartman v. Cheney*, 827 F. Supp. 1, 2 n.2 (D.D.C. 1993) (relying on *Doe v. Casey*, 601 F. Supp. 581, 584-85 (D.D.C. 1985), *rev'd on other grounds*, 796 F.2d 1508 (D.C. Cir. 1986)). The CIA argues that the duties of the Director were so changed with the passage of the National Security Intelligence Reform Act of 2004 ("NSIRA"), 50 U.S.C. §§ 401 *et seq.*, that *Bartman* is no longer applicable.[1] Accepting this argument would require a greater fact record than is before the Court.

However, even if venue is proper here, the Court will exercise its discretion and transfer this case to the Southern District of New York. Under 28 U.S.C. section 1404(a), "for the convenience of parties and witnesses, in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Under this statute, the moving party bears the burden of establishing that transfer is proper. *Trout Unlimited v. Dep't. of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).

A defendant must make two showings to justify transfer. First, the defendant must establish that the plaintiff originally could have brought the action in the proposed transferee district. *Van Dusen*, 376 U.S. at 622-23. Second, the defendant must demonstrate that considerations of

---

[1] The NSIRA transferred a large portion of the duties of the DCI to the newly created Director of National Intelligence ("DNI") and made the DCI subordinate to the DNI. 50 U.S.C. § 403a(b).

convenience and the interest of justice weigh in favor of transfer to that court. *Trout Unlimited*, 944 F. Supp. at 16. As to the second showing, the statute calls on the court to weigh a number of case-specific private and public interest factors. *Stewart Org.*, 487 U.S. at 29. The private interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout Unlimited*, 944 F. Supp. at 16 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d. Cir. 1995)). The public interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id*.

   The Plaintiffs here acknowledge that they could have brought this case in the Southern District of New York. *See* Pls.' Opp'n to Def.'s Mot. to Transfer at 4 n.3 ("The plaintiffs do not dispute that in its present state this case could have been filed in the SDNY."). Considerations of convenience and the interest of justice also weigh in favor of a transfer. *Stewart Org.*, 487 U.S. at 29. The subject matter of this dispute is the complaint filed for Jane Doe in New York; the District Court judge in New York has full familiarity with the complaint and the parties; it is certainly more convenient to have a single jurist address all of the disputed issues; and the matters raised here are central to the CIA's defense in New York — that state secrets require dismissal of the litigation. Accordingly, the CIA's motion to transfer will be granted.

   For the reasons set forth above, it is hereby **ORDERED** that Defendant's motion to

transfer [Dkt. #10] is **GRANTED**, and this case is **TRANSFERRED** to U.S. District Court for the Southern District of New York.  Accordingly, this case is closed.

        **SO ORDERED.**


Date: October 23, 2006                  _____/s/_____
                                                          ROSEMARY M. COLLYER
                                                          United States District Judge